**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SUSHIL KUMAR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-02287-JD |
| | ) | |
| ROBERT CERNA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

# ORDER

Before the Court are Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 1] and Respondents' Response to Order to Show Cause [Doc. No. 9]. Noting that this lower district court is bound to follow Tenth Circuit authority absent Supreme Court precedent, the Court ordered Respondents to show cause why the Petitioner's Petition should not be granted on the basis in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). [Doc. No. 7].[1]

[1] Shortly after Respondents filed their Response to the Court's Show Cause Order [Doc. No. 9], Petitioner filed a document styled as "Petitioner's Reply to Respondents' Response to Order to Show Cause" contending that "a bond hearing is not an adequate remedy." [Doc. No. 10 at 1]. However, the Court's Order to Respondents to Show Cause ordered "Respondents to show cause." [Doc. No. 7 at 2]. The Court did not order a reply or response from Petitioner, nor did it grant Petitioner leave to file additional briefing because Petitioner never sought leave as required by this Court's Local Civil Rules. Consequently, the Court strikes Petitioner's filing [Doc. No. 10] as improper. *See* LCvR7.1(h) ("Supplemental briefs may be filed only upon motion and leave of court.").

The Court further notes that in his Petition, Petitioner sought "immediate release" or in the alternative a bond hearing under 8 U.S.C. § 1226(a) within seven days of the Court's order and release if no such hearing is held within that time. [Doc. No. 1 at 34–35].

Although Respondents reserve their appellate rights and note the petition for a writ of certiorari filed in the U.S. Supreme Court on the legal issue presented over the application of 8 U.S.C. § 1226(a) and § 1225(b)(2)(A), they concede that *Santillan Quiroz* controls this Court's decision in this habeas action. [Doc. No. 9 at 1 & n.2].

In accordance with the Tenth Circuit's decision in *Santillan Quiroz*, the Court grants in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. The Court, however, declines to address Petitioner's remaining claims. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445–46 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them. If no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.").

Accordingly, the Court GRANTS the Petition [Doc. No. 1] in part and ORDERS Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order or otherwise release Petitioner if Petitioner has not received a bond hearing within that period. The Court STRIKES Petitioner's filing styled as a "Reply to Respondents' Response to Order to Show Cause." [Doc. No. 10]. A separate judgment will follow.

IT IS SO ORDERED this 11th day of September 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE